IN THE COURT OF COMMON PLEAS
FLORENCE COUNTY, SOUTH CAROLINA

CASE NUMBER: 2021CP2102234

PLAINTIFF: House of Thomas

FEB 10 '25 PM3:29
RCV'D - USDC FLO SC

vs.

DEFENDANTS: Lakeview Loan Servicing, LLC, Dept. of Veterans Affairs, United States

TEMPORARY RESTRAINING ORDER (TRO) & INJUNCTION

COMES NOW, Plaintiff, House of Thomas, by and through undersigned counsel, and respectfully moves this Court for an Emergency Temporary Restraining Order (TRO) and a Preliminary and Permanent Injunction (PPUM) to enjoin Defendants from proceeding with any eviction, foreclosure, sale, or transfer of real property located at 1308 Harmony Street, Florence, SC 29501 (the "Subject Property").

I. INTRODUCTION

Plaintiff seeks an immediate halt to any eviction proceedings and property transfers, as the Subject Property is lawfully owned and held within a Trust, secured by a $2,000,000 mechanic's lien duly recorded. The unlawful attempts to remove the Trust's interest in the property are a direct violation of equity law, trust protections, and financial regulations.

II. PUBLIC OFFICIALS TO BE NOTIFIED

- Henry McMaster d/b/a Governor
- Alan Wilson d/b/a Attorney General
- Thomas "TJ" Joye d/b/a Sheriff
- Doris Poulos O'Hara d/b/a Clerk of Court d/b/a Fiscal Administrator
- John W. Kittredge d/b/a Chief Justice of the South Carolina Supreme Court

III. FACTUAL BACKGROUND

This case is currently before William Porter, Master in Equity for the Circuit Court of Florence County. As a court of equity, it has jurisdiction over property disputes, lien priority, and fraudulent conveyance claims. The Plaintiff asserts that foreclosure and eviction should be barred under the clean hands doctrine, as Defendants have failed to acknowledge lawful transfer and tendered payments.

A judgment has been issued in Case No. 2021CP2102234; however, Plaintiff moves to enjoin its enforcement based on failure to recognize the lawful transfer of property, fraudulent conveyance, and jurisdictional defects.

Page 1

Plaintiff has executed and filed a $5,000,000 secured bond (Bond No. RF 112 176 648 US), received on January 14, 2025, in accordance with 31 CFR Part 225—Acceptance of Bonds Secured by Government Obligations which has been received by William Haigh Porter Master in Equity. This bond guarantees compliance with obligations under foreclosure proceedings in Case No. 2021CP2102234 and establishes financial security superior to any foreclosure claims.

Furthermore, under 12 U.S.C. § 411, Plaintiff lawfully tendered payment in lawful money upon transfer, thereby satisfying any alleged debt obligation associated with the Subject Property. Defendants' failure to recognize and credit this payment constitutes a violation of federal law and reinforces the improper nature of the attempted foreclosure and eviction.

IV. LEGAL BASIS FOR RELIEF

A. TEMPORARY RESTRAINING ORDER (TRO)

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiff requests an immediate TRO based on:

- Irreparable Harm: Eviction would cause irreversible damage to the Trust's ownership rights and financial interests.
- Likelihood of Success on the Merits: The Trust holds clear legal title, and the bond and lien provide superior claims over any competing interest.
- Public Interest: The public has an interest in preventing fraudulent transfers and unlawful foreclosure proceedings.

B. PRELIMINARY & PERMANENT INJUNCTION (PPUM)

Plaintiff seeks a preliminary injunction to prevent Defendants from initiating or continuing eviction proceedings, foreclosures, or any sale of the Subject Property pending a final resolution. A permanent injunction is sought to:

1. Prohibit eviction or foreclosure actions against the Subject Property;
2. Enforce the Trust's rightful ownership and lawful transfer;
3. Recognize the $2M lien as a superior claim over any foreclosure attempt;
4. Prevent further fraudulent conveyance, abuse of process, or jurisdictional overreach;
5. Prevent unauthorized commercial use, association, or transfer of the Trust's property.

V. PROOF OF INJURED PARTY REQUIREMENT

Plaintiff demands that Defendants provide verifiable evidence demonstrating that they are the actual injured party with standing to enforce any claim against the Subject Property. Pursuant to Federal Rules of Civil Procedure Rule 17(a), an action must be brought by the real party in interest who has suffered an actual injury. The absence of a sworn affidavit under penalty of perjury affirming an injury by any Defendant renders their claim void.

Plaintiff asserts that no lawful claim can proceed unless Defendants provide:

1. A sworn affidavit signed under penalty of perjury affirming that Defendants have suffered an actual, provable injury.
2. Documentary proof of financial loss directly attributable to Plaintiff as a prerequisite for enforcement.
3. Legal standing under South Carolina law to initiate foreclosure proceedings when no injury has been properly documented.

Defendants' failure to establish an injured party would confirm that the foreclosure and eviction proceedings are fraudulent, warranting an immediate injunction to halt any further action.

## VI. QUO WARRANTO PETITION

Plaintiff challenges the legal authority and jurisdiction of the court attempting to enforce an eviction order against a Trust-owned property. The eviction order must be declared null and void, as it was issued without jurisdictional authority and in violation of trust and property laws.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

1. Take Judicial Notice of the recorded $2M mechanic's lien (UCC File No. 250205-1334329) and the $5M secured bond (Bond No. RF 112 176 648 US);
2. Issue an Immediate Temporary Restraining Order (TRO) enjoining Defendants from proceeding with the eviction or transferring the Subject Property, to be issued within 3 days of filing due to the irreparable harm at stake;
3. Stay Execution of the Judgment in Case No. 2021CP2102234, pending review of jurisdictional challenges and failure to credit lawful tender;
4. Issue a Preliminary and Permanent Injunction restraining Defendants from taking any further action against the property;
5. Declare that Defendants lack clean hands in equity for failing to acknowledge the lawful transfer of property and tendered payment under 12 U.S.C. § 411;
6. Recognize the Trust's lawful ownership and the superior claim of the $2M mechanic's lien;
7. Grant a Quo Warranto order declaring the eviction proceedings void due to lack of jurisdiction;
8. Award any other relief this Court deems just and proper.

## VII. CEASE AND DESIST ON TRADEMARK INFRINGEMENT

Plaintiff hereby issues a Cease-and-Desist Notice to Defendants regarding the unauthorized use of the federally registered trademark CHARLES RAY THOMAS II™ (USPTO Serial No. 98483254).

Defendants are strictly prohibited from:

1. Using, displaying, or profiting from the name CHARLES RAY THOMAS II™ in any financial transaction, foreclosure action, or legal proceeding.
2. Associating the registered trademark with any unlawful foreclosure attempt, eviction process, or property transfer.
3. Misrepresenting authority over assets connected to the House of Thomas, which holds exclusive rights over the trademark and property interests.

Failure to immediately comply with this cease-and-desist notice will result in further legal action, monetary damages, and federal claims under The Lanham Act (15 U.S.C. §§ 1114, 1125).

## VIII. EXHIBITS

Exhibit A: UCC Filing No. 250205-1334329 documenting the $2,000,000 mechanic's lien securing the Subject Property.

Exhibit B: Copy of the $5,000,000 secured bond (Bond No. RF 112 176 648 US) that was sent and received as proof of compliance with foreclosure obligations.

Exhibit C: Copy of IRS Form 3949-A filed against Lakeview Loan Servicing, LLC, reporting fraudulent financial activities related to the foreclosure process.

Exhibit D: Certification of Trust from the House of Thomas, affirming the Trust's legal ownership of the Subject Property and its exclusive rights under equity law.

**Exhibit E:** Copy of IRS Form 14039, Identity Theft Affidavit, documenting the fraudulent use of Plaintiff's identity in financial and foreclosure proceedings.

## VIII. NOTICE OF SPECIAL APPEARANCE

House of Thomas, appearing by special appearance, not generally or voluntarily, and without waiving any rights, defenses, objections, or jurisdictional challenges, hereby states that it retains all exclusive rights under equity. The Trust moves this Court to render a verdict in its favor with prejudice or, in the alternative, to transfer this matter to an equity court where the Trust's exclusive rights are fully protected.

## IX. SEVENTH AMENDMENT RIGHT TO JURY TRIAL

The right to a trial by jury is one of the foundational pillars of justice under the United States Constitution. The Seventh Amendment guarantees that in suits where the value in controversy exceeds twenty dollars, the right to a jury trial shall be preserved.

Plaintiff House of Thomas asserts that the matters at issue—fraudulent conveyance, wrongful foreclosure, and financial misrepresentation—are fundamental property rights that demand adjudication before a jury of peers.

The fraudulent actions taken by Defendants in disregarding lawful property transfers, ignoring federal financial laws, and failing to establish proper standing are matters of grave constitutional significance. Plaintiff asserts that a jury must weigh the evidence, examine the misconduct, and determine whether Defendants acted in bad faith, with deceit, and in violation of the Trust's exclusive rights.

Plaintiff further asserts that the commercial court titled "Master in Equity Court" does not have the unilateral authority to strip this right away, and any attempt to adjudicate these issues without jury intervention would violate the explicit mandates of the U.S. Constitution. "All writs and process issuing from the supreme or a circuit court, shall bear teste of the chief justice/ Judge/ Magistrate of the supreme and circuit courts, or if that office be vacant, of the associate justice next in precedence" *See the act of congress of May 8, 1792, 1 Story's Laws U. S. 257.*

Accordingly, Plaintiff demands that this matter be set for a trial by jury, and any ruling depriving Plaintiff of this right would be a direct violation of the Seventh Amendment's protections.

Plaintiff expressly reserves the right to a trial by jury under the Seventh Amendment of the United States Constitution for all matters where legal and equitable relief may be appropriate. Plaintiff asserts that issues concerning property rights, fraudulent conveyance, and financial misrepresentation are subject to adjudication by a jury of peers.

## X. CONCLUSION

Plaintiff has no adequate remedy at law and faces imminent, irreparable harm unless the requested injunctive relief is granted. The balance of equities and public interest strongly favor issuance of the injunction.

Respectfully submitted,

*Adebisi Ali*
Adebisi Ali
Minister/ Trustee for House of Thomas
Phone: (816)681-4054