IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| House of Thomas, also known as Ali Adebisi, also known as Charles Thomas,<br><br>    Plaintiff,<br><br>    vs.<br><br>Lakeview Loan Servicing LLC, and Dept. of Veterans Affairs, United States,<br><br>    Defendants. | Case No.: 4:25-cv-00080-JD-KDW<br><br>**ORDER AND OPINION** |

  This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 5), made under Local Civil Rule 73.02(B)(2) of the District of South Carolina, concerning the Magistrate Judge's initial review of Plaintiff House of Thomas, also known as Ali Adebisi, also known as Charles Thomas's ("Plaintiff" or "Thomas") pleadings. (DE 1.)

**A. Background**

  The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background. Thomas, proceeding *pro se*, filed this miscellaneous action against Defendants Lakeview Loan Servicing LLC and the United States Department of Veterans Affairs (collectively "Defendants") seeking a temporary restraining order and injunction concerning an eviction proceeding in Florence County Circuit Court. (DE 1.) Plaintiff states the subject foreclosure and eviction

action is currently before William Porter, Master in Equity for the Circuit Court of Florence County. (*Id.*) "Plaintiff asserts the foreclosure and eviction action should be barred under the clean hands doctrine as Defendants have failed to acknowledge a lawful transfer and tendered payments." (*Id.* at 1.) Plaintiff alleges a judgment has been issued in this matter, and he moves to enjoin its enforcement based on failure to recognize the lawful transfer of property, fraudulent conveyance, and jurisdictional defects. (*Id.*)

### Report and Recommendation

On March 12, 2025, the Magistrate Judge issued the Report recommending that this Court dismiss Plaintiff's Motion for a Temporary Restraining Order and Injunction (DE 5) "because the essential allegations of Plaintiff's Motion challenge an eviction proceeding in Florence County Circuit Court, [such that] this court does not have jurisdiction over his claims." *See District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (explaining that under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction over challenges to final determinations of state or local courts). Plaintiff did not object to the Report.

### B. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### C. Conclusion

Since Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 5) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Motion for a Temporary Restraining Order and Injunction are dismissed.

**IT IS SO ORDERED.**

                                                Joseph Dawson, III
                                              United States District Judge

Florence, South Carolina
April 24, 2025

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.